In the Matter of STANLEY SHAPIRO, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 24, 1989

---

APPEARANCES OF COUNSEL

*Robert H. Straus (Vincent J. Carroll, Jr.,* of counsel), for petitioner.

*Stanley Shapiro,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law by this court on June 27, 1951. By order dated March 8, 1988, the respondent was suspended from the practice of law pending the outcome of this disciplinary proceeding (138 AD2d 434).

In this proceeding the Special Referee sustained all 15 charges of professional misconduct. The petitioner moves to confirm the report of the Special Referee and the respondent cross-moves to disaffirm the portion of the report which found that the evidence submitted in support of his so-called affirmative defense is in fact evidence in mitigation.

Charge one alleged that the respondent is guilty of professional misconduct in that he disobeyed the lawful mandate of this court as follows: on October 28, 1987, this court made and entered 13 separate orders relieving the respondent as counsel in 13 separate criminal matters pending before the court and directing him to surrender all original records in each of these cases to the clerk of this court within one week after service upon him of a copy of the orders. The respondent was served with the orders on November 5, 1987, but failed to surrender any of the 13 files within the time limitation set by the court.

Charges two through fourteen each allege that respondent neglected a criminal appeal assigned to him and failed to perfect any of the 13 appeals previously mentioned.

Charge fifteen alleged that the respondent failed to cooperate with the investigation of the Grievance Committee by failing to respond to three letters from the Grievance Committee, two of which were sent by certified mail, and by failing to

respond to an order to show cause seeking his suspension as an attorney.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the Special Referee's report is granted and the respondent's cross motion is denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances set forth by the respondent. Nevertheless, the respondent is guilty of serious professional misconduct. Accordingly, the respondent is suspended from the practice of law for a period of three years from the date of this opinion and order and until the further order of this court.

MANGANO, J. P., THOMPSON, BRACKEN, BROWN and RUBIN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm a portion of the report of the Special Referee is denied; and it is further,

Ordered that the respondent is suspended from the practice of law for an additional period of three years from the date of this opinion and order and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of that period of three years upon furnishing satisfactory proof (a) that during that period he has actually refrained from practicing law or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Stanley Shapiro is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court,

4

Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application, or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.